**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOHN F. COLYER,

      *Plaintiff,*                         CASE NO. 13-CV-10425

*v.*                                 DISTRICT JUDGE THOMAS L. LUDINGTON
                                 MAGISTRATE JUDGE CHARLES BINDER

FEDERAL HOME LOAN MORTGAGE
CORPORATION; FEDERAL HOUSING
FINANCE AGENCY; and JACK LEW,
*in his official capacity as Secretary of*
*the Treasury*;

      *Defendants.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON**
**DEFENDANTS FEDERAL HOME LOAN MORTGAGE CORPORATION'S AND**
**FEDERAL HOUSING FINANCE AGENCY'S MOTION TO DISMISS**
(Doc. 11)

## I.    RECOMMENDATION

      For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion to

dismiss be **GRANTED**. **IT IS FURTHER RECOMMENDED** that Defendant Lew be

**DISMISSED** and that case be dismissed in its entirety.

## II.    REPORT

###     A.    Introduction and Factual Background

      This mortgage foreclosure action was filed on February 4, 2013. An amended complaint

was filed on July 15, 2013. (Doc. 8.) Plaintiff's property is commonly known as 1871 W. Youngs

Rd., Gladwin, Michigan (the "property"). (Doc. 8 at Pg ID 32.) On February 25, 2002, Plaintiff

entered into the subject mortgage with American Home Mortgage Corporation in the amount of

$148,500. (Doc. 11 at Pg ID 62.) On the same date, a promissory note was also executed between the parties. (*Id.*) The mortgage was assigned to Flagstar Bank on March 29, 2002. (Doc. 8 at Pg ID 35; Doc. 11 at Pg ID 63.) Plaintiff defaulted on the loan and Flagstar Bank foreclosed pursuant to Michigan's foreclosure by advertisement statute. (*Id.*) On July 22, 2010, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the property at a sheriff's foreclosure sale. (*Id.*)

The amended complaint alleges the following counts: (1) "Set aside foreclosure sale, quiet title and other injunctive relief"; (2) "Violations of Constitutional Due Process and damages pursuant to 42 U.S.C. § 1983"; (3) "Slander of Title." (Doc. 8 at Pg ID 36-40.) Plaintiff's amended complaint concedes that "Plaintiff defaulted on the Loan and the Bank commenced foreclosure proceedings." (*Id.* at 35.) Plaintiff does not allege any failure to receive actual notice and states affirmatively that the proper publications and notice occurred. (*Id.*) Instead, Plaintiff avers that the first wrongdoing occurred when "[t]he property was taken to Sheriff's Sale by the Bank and Freddie Mac credit bid the property at the Sheriff's Sale for $152,632.71 on July 23, 2010" and that "Freddie Mac overbid the property at the Sheriff's Sale as its fair market value was 40% less than the Bid and this Bid was neither in good faith nor fair in violation of MCL § 600.3228." (Doc. 8 at Pg ID 35.)

Plaintiff further avers that this "overbidding prevented Plaintiff from redeeming the property, which is neither in good faith nor fair" and that such "overbidding was not driven by market forces, which is not in good faith and is not fair." (*Id.*) Plaintiff alleges that the "violation of MCL 600 32228 [sic] was a structural defect in the non-judicial foreclosure process, which has slandered the title of Plaintiff through its wrongful Sheriff's Sale which is void and/or voidable as

2

it has caused actual prejudice to Plaintiff." (*Id.*) Plaintiff also concedes that the statutory redemption period would have expired before the instant complaint was filed, but further avers that the "alleged redemption period for the property has not expired because current United States Sixth Circuit Court of Appeals precedent holds that no redemption period occurs if there was a structural violation of Michigan's FBAs," citing "*Mitan v. Federal Home Loan Mort. Corp.*, 12-1169 (Dec. 12, 2012)." (Doc. 8 at Pg ID 36.) I note, however, that the decision in *Mitan* was abrogated by *Kim v. JP Morgan Chase Bank, NA*, 493 Mich. 98, 825 N.W.2d 329 (2012). *See Mourad v. Homeward Residential, Inc.*, 517 F. App'x 360, 367 (2013).

The complaint further avers that "[a]t the time of the Sheriff's Sale, Freddie Mac was not a private party, but a government operated entity and/or a federal instrumentality" and as such "owed a higher degree of notice and hearing to Plaintiff then [sic] provided by the non-judicial foreclosure process in the State of Michigan before taking Plaintiff's property and their failure to provide such notice and hearing violated his constitutional procedural and substantive due process rights." (Doc. 8 at Pg ID 36.) Plaintiff's allegation against Defendant Federal Housing Finance Agency ("FHFA") and Lew is that, "[b]ased on policies promulgated by Lew and/or the Treasury Department, FHFA refuses to allow Plaintiff to acquire the property for the property's fair market value and instead arbitrarily and capriciously demand the full credit bid." (*Id.*)

Plaintiff's complaint seeks declaratory relief, rescission of the Sheriff's Deed, injunctive relief, an "Order that Plaintiff can require [sic] the property from Defendants at the fair market value at the time of the foreclosure sale," and monetary damages, including interest, attorney fees and costs. (*Id.* at 38-40.)

The case was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for general case management on February 12, 2013. (Doc. 4.)

On October 15, 2013, Defendants Freddie Mac and FHFA (hereafter "Defendants") filed the instant motion to dismiss. (Doc. 11.) Plaintiff has not responded to the motion within the time allowed by the Court's Local Rules. Defendants have twice filed supplemental authority in support of their motion (Doc. 12 & 13), and Plaintiff has elected not to respond. Accordingly, the motion is ready for report and recommendation without oral argument pursuant to Local Rule 7.1(f)(2) of the Eastern District of Michigan.

### B.    Motion Standards

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. " *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise

4

a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co*., 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### C.   Analysis & Conclusions

### 1.   Standing Under Michigan law

### a.   Governing Standards

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity."

*Overton v. Mortgage Elec. Reg. Sys.*, No. 07-725429, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009).

The Michigan Court of Appeals has affirmed the holding in *Overton* even where, as here, the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. 2012). The court reiterated that "[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.*; *accord Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012); *Kumar v. U.S. Bank Nat'l Ass'n,* No. 12-cv-12624, 2013 WL 783999, at *2 (E.D. Mich. Mar. 1, 2013); *Costell v. Bank of New York Mellon*, No. 12-cv-15063, 2013 WL 317746, at *3 (E.D. Mich. Jan. 28, 20130) ("The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to challenge the foreclosure sale"); *Allor v. Federal Home Loan Mort. Corp.*, No. 12-12290, 2012 WL 5265738, at *2 (E.D. Mich. Oct. 24, 2012); *Sylvester v. Fannie Mae*, No. 12-13186, 2012 WL 4694348, at *2 (E.D. Mich. Oct. 3, 2012) ("that Plaintiff filed her suit before the redemption period expired does nothing to advance her claims"); *Chungag v. Wells Fargo Bank, N.A.*, No. 12-11073, 2012 WL 1945483, at *4 (E.D. Mich. May 30, 2012); *Duff v. Federal Nat'l Mort. Ass'n,* No. 11-cv-12474, 2012 WL 692120, at *3 (E.D. Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.,* No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012).[1]

---

[1]*But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 823-24 (E.D. Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale, which should satisfy the injury-in-fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing . . . because, even assuming they have such standing, their claims are still subject to dismissal . . . ."); and *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. 2012).

The Sixth Circuit has held in several unpublished decisions that the Michigan "holdings 'do[] not turn on [the] standing doctrine[]'" but that it is "more accurate to say that the 'fraud or irregularity' claims in *Overton, Awad,* and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani v. Indymac Mort. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013) (citing *Houston v. U.S. Bank Home Mort. Wisc. Serv.*, No. 11-2444, 2012 WL 5869918, at * 4 (6th Cir. Nov. 20, 2012)). The high standard referred to by the Sixth Circuit is "whether [the plaintiff] made a sufficient showing of 'fraud or irregularity' in connection with the sheriff's sale of his home to 'undo the divestment of [his] property.'" *El-Seblani*, 2013 WL 69226, at *4; *Houston*, 2012 WL 5869918, at *5.

More recently, the Sixth Circuit has explained in a published opinion that "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359-60 (6th Cir. 2013). Finally, the Sixth Circuit has emphasized that any alleged fraud or irregularity "'must relate to the foreclosure procedure itself.'" *Conlin*, 714 F.3d at 360 (citation omitted).

**b.     Discussion**

Here, the only defect or irregularity cited by Plaintiff is that Defendant Freddie Mac overbid on the property in violation of Mich. Comp. Laws § 600.3228. (Doc. 8 at Pg ID 35.) Several courts in our district have held that credit bidding or overbidding does not violate Michigan law nor does it show bad faith because it actually helps borrowers by assuring that the borrower is no longer liable for the debt. *See Washington v. BAC Home Loans Servicing, L.P.,* No. 12-12940, 2013 WL 5476023, at *5 (E.D. Mich. Oct. 2, 2013) (collecting cases); *accord, Long v. Federal Home Loan Mortgage Corp.*, No. 297438, 2011 WL 2585984, at *2 (Mich. App. June

30, 2011) (rejecting challenge based on a credit bid that was higher than the market value of the property because the statute protects borrowers when property is sold for less than its true value and is not applicable to sales of property for more than the true value). Therefore, Plaintiff cannot demonstrate a fraud or irregularity in connection with the foreclosure process. *Id.*

### 2.      **Prejudice Under Michigan Law**

I further suggest that even if there had been a defect or irregularity in the notice of the foreclosure or the foreclosure proceeding itself, any such defect would have rendered the foreclosure voidable and not void. *See Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 118, 825 N.W.2d 329 (2012) ("we hold that defects or irregularities in a foreclosure proceeding result in a foreclosure sale that is voidable, not void *ab initio*"); *Jackson Inv. Corp. v. Pittsfield Prod., Inc.,* 162 Mich. App. 750, 755, 413 N.W.2d 99, 101 (1987) ("A defect in notice renders a foreclosure sale voidable and not void."). Since the sale is voidable, plaintiffs "must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich. at 118.

Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them. *See, e.g., Harrison v. Bank of America, N.A.,* No. 12-cv-12281, 2013 WL 440163, at *4 (E.D. Mich. Jan 17, 2013); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-cv-10264, 2012 WL

1094333, at *7 (E.D. Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11-cv-10204, 2012 WL 1033498, at *8 (E.D. Mich. Mar. 27, 2012).

I suggest that Plaintiff in the instant case suffers from the same failure: he has not sufficiently alleged prejudice. Here, Plaintiff has not challenged the fact that he defaulted on the loan, nor has he contended that he was not aware that the property was scheduled for foreclosure sale. In addition, Plaintiff has not alleged that he ever attempted to redeem the property, and he has not alleged that he had sufficient funds to outbid the highest bidder at the sale, let alone pay off the entire loan. Thus, even if he could show some defect in notice, I suggest that he cannot show prejudice and cannot receive the relief he requests, i.e., rescission of the Sheriff's Deed, injunctive relief and an "Order that Plaintiff can require [sic] the property from Defendants at the fair market value at the time of the foreclosure sale." (Doc. 8 at Pg ID 38-40.) I therefore suggest that Defendants' motion to dismiss be granted based on Plaintiff's lack of standing (or failure to meet the requirements of fraud or irregularity) and failure to aver the prejudice necessary to render any defect or irregularity voidable.

### 3. Merits of Plaintiffs' Claims

Even if Plaintiff had standing, I suggest that he has not stated a claim upon which relief could be granted. I therefore suggest that Defendants' motion to dismiss should be granted on the merits.

### a. Due Process Claim Under 42 U.S.C. § 1983 (Count 2)

Defendants contend that Freddie Mac is not a governmental actor and they cite many cases to support their argument, such as *Colbert v. Federal Nat'l Mortgage Ass'n*, No. 12-13844, 2013 WL 1629305, at *13 (E.D. Mich. Apr. 16, 2013) (finding Fannie Mae was not a state actor and dismissing due process claim). (Doc. 11 at 18-20.)

In *Mik v. Federal Home Loan Mortgage Corp.*, ___ F.3d ___, 2014 WL 486214, at *14 (6th. Cir. Feb. 7, 2014), the Sixth Circuit held that the plaintiffs "fail[ed] to state a claim upon which relief can be granted because Freddie Mac is not a government actor who can be held liable for constitutional violations" such as the due process claim raised in *Mik* and in the instant case. *Accord, Narra v. Federal National Mortgage Ass'n*, No. 2:13-cv-12282, 2013 WL 505571, at *3 (E.D. Mich. Feb. 7, 2014) (Fannie Mae). Therefore, I suggest that Defendants' motion to dismiss should be granted as to Defendant Freddie Mac.

As to Defendants FHFA and Lew,[2] even if the claim is construed as a claim for damages brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971),[3] I suggest that Plaintiff  has not alleged that he suffered a specific injury as a result of the conduct of Defendant FHFA or Lew, nor has he asserted an affirmative link between the injury and the conduct of Defendant FHFA or Lew, as is required to state a civil rights claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). Here, Plaintiff has merely alleged that "[b]ased on policies promulgated by Lew and/or the Treasury Department, FHFA refuses to allow Plaintiff to acquire the property for the property's fair market value and instead arbitrarily and capriciously demand the full credit bid." (Doc. 8 at Pg ID 36.) I therefore suggest that Plaintiff fails to state a claim against either Defendant FHFA or Lew and that they should be dismissed from this action.

---

[2]Even though Defendant Lew has not joined the motion to dismiss, I suggest that the Court has the authority to dismiss the claims against him for failure to state a claim because the "complaint lacks an arguable basis either in law or in fact." *See MPM Silicones, LLC v. Union Carbide Corp.*, 931 F. Supp. 2d 387, 396 (N.D.N.Y.  2013); *accord Marceaux v. Lafayette City-Parish Consol. Government*, 921 F. Supp. 2d 605, 624, n.36 (W.D. La. 2013); *and see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).

[3]A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

10

**b.** **Slander of Title and Quiet Title** (Counts 1 and 3)

The elements of a slander of title claim are: (1) falsity of statement, (2) malice or intent to harass, and (3) special damages. *B&B Invest. Group v. Gitler*, 581 N.W.2d 17 (Mich. Ct. App. 1998); Mich. Comp. Laws § 565.108. "Malice may not be inferred from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Scranton v. Dachille*, 463 N.W.2d 479, 486 (Mich. Ct. App. 1990). In the mortgage foreclosure context, these elements have been met where defendants falsely represented that the plaintiff defaulted when the plaintiff had never defaulted and where the trial court drew an adverse inference that the defendants acted with malice where the defendants did not testify or come forward with any explanation for their actions. *See Gipson v. Belvedere Constr., Inc.*, No. 296765, 2011 WL 2651866, at * 3-4 (Mich. Ct. App. July 7, 2011). Neither of these scenarios occurred here. In the instant case, Plaintiff has not challenged the fact that he defaulted on his mortgage payments. Since Plaintiff has not pleaded facts sufficient to support either the falsity or malice elements, I suggest that Defendants' motion to dismiss should be granted on this claim.

Under Michigan law, an action to quite title is "equitable in nature." Mich. Comp. Laws § 600.2932(5). The doctrine of unclean hands applies in equitable actions, including quiet title actions. *McFerren v. B&B Inv. Group*, 655 N.W.2d 779 (Mich. Ct. App. 2002). "The clean hands maxim is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." (*Id.* at 783 (citations omitted).) Where, as here, Plaintiff received $148,500, failed to pay the debt as agreed and then "sought judicial assistance in avoiding [his] contractual obligations[,]" the doctrine of unclean hands applies to close the doors to

11

equitable relief, such as quiet title. *See also Yuille v. American Home Mort. Servs., Inc.*, No. 10-2564, 2012 WL 1914056, at *1-2 (6th Cir. May 29, 2012). I further suggest that even if the merits were addressed, Plaintiff has not met his burden to establish a prima facie case of title free of valid liens. I therefore suggest that this claim be dismissed.

    **D.**    **Conclusion**

For the reasons stated above, I suggest that Defendants' motion to dismiss should be granted. I further suggest that Defendant Lew should be dismissed and that action should be dismissed in its entirety.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.


                                          s/ 𝔠𝔥𝔞𝔯𝔩𝔢𝔰 𝔈 𝔅𝔦𝔫𝔡𝔢𝔯

                                          CHARLES E. BINDER
Dated: February 27, 2014                  United States Magistrate Judge


**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: February 27, 2014            By     s/Patricia T. Morris
                                   Law Clerk to Magistrate Judge Binder